UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DAWSON HUBER COLEMAN, JR.,

                Plaintiff,               **MEMORANDUM AND ORDER**

        v.                          21-CV-6406 (RPK) (TAM)

JP MORGAN CHASE BANK;
STATE OF NEW YORK; DOES 1 THROUGH 10,
INCLUSIVE,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Dawson Huber Coleman Jr. brings this action against the State of New York, JP Morgan Chase Bank ("Chase"), and ten unidentified defendants, alleging that defendants violated his federal and state constitutional rights by foreclosing on plaintiff's property. *See* Am. Compl. (Dkt. #7). Plaintiff's request to proceed *in forma pauperis* is granted, but his complaint is dismissed.

## BACKGROUND

    The following facts are drawn from plaintiff's complaint. Plaintiff alleges that defendants engaged in misconduct in a foreclosure action filed by Chase on May 17, 2011. Am. Compl. 6 (ECF pagination). In particular, Chase allegedly failed to name plaintiff as a defendant in the foreclosure case, and the state court mediator assigned to the case allegedly disregarded a "ministerial obligation" to "compel the joinder of any party" with "a legitimate interest" in the case. *Ibid.* Chase also allegedly issued a "notice of pendency" in March 2015 that did not name plaintiff. *See id.* at 7. Plaintiff asserts that he sued in federal court and that an Assistant Attorney General for New York then "assured [plaintiff] that he would compel the state court

1

to . . . join[] . . . [p]laintiff" in the state court action. *Ibid.* But plaintiff was allegedly never joined in the state court foreclosure suit. *Ibid.*

Plaintiff also makes allegations concerning Chase's general practices in foreclosure cases. For example, plaintiff alleges that Chase "intentionally conceals the identity of . . . true parties in interest entitled to enforce the terms of . . . residential non-negotiable promissory notes . . . for [Chase's] . . . financial benefit." *Id.* at 3. In addition, plaintiff alleges that Chase submits fraudulent documents in state and bankruptcy courts. *Ibid.*

While it is unclear from the complaint whether plaintiff ever filed for bankruptcy, plaintiff alleges that Chase's attorneys appear as creditors in bankruptcy actions filed by defaulted borrowers. *See id.* at 4. Some of the Doe defendants named in this case appear to be "unidentified agent[s] or vendor[s] of [Chase]" who "impose[] 'technology fees' on [Chase] and [Chase's] attorneys" in bankruptcy cases. *Id.* at 5.

Plaintiff also mentions a class action lawsuit filed against Chase in the Southern District of New York, allegedly for Chase's "discriminatory practices against minority homeowners." *Ibid.* The relevance of that separate action to this case is unclear from the pleadings.

Plaintiff filed a complaint in this Court on November 9, 2021. *See* Compl. (Dkt. #1). Plaintiff filed an amended complaint about a month later. *See* Am. Compl. The amended complaint invokes federal-question and diversity jurisdiction. *See id.* at 1 (citing 28 U.S.C. §§ 1331, 1332, 1343(a)(3)). Plaintiff claims that defendants denied plaintiff's due process rights under the federal and New York constitutions and engaged in "fraudulent practice[s]" in connection with the state court foreclosure action. *Id.* at 8-9. The complaint also references two federal criminal statutes, 18 U.S.C. § 241 and 18 U.S.C. § 242, *see* Am. Compl. 1, which

prohibit conspiracies "to injure, oppress, threaten, or intimidate" persons "in the free exercise" of their federal rights and the deprivation of federal rights, respectively, 18 U.S.C. §§ 241, 242.

Plaintiff asks this Court to "[e]xpunge the [s]tate [c]ourt's [j]udgment of [f]oreclosure and [s]ale against the subject property" because defendants failed to timely join plaintiff in the state court foreclosure action. Am. Compl. 9. Plaintiff also seeks damages. *See ibid.*

**STANDARD OF REVIEW**

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8).

A federal court may *sua sponte* raise the question of whether it has subject-matter jurisdiction over a case. *United Food & Comm. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A complaint filed by a *pro se* plaintiff must be "liberally construed, and . . . held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted), but a *pro se*

plaintiff must "still . . . establish[] that the court has subject matter jurisdiction over the action," *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) (summary order).

## DISCUSSION

Plaintiff's claims against New York are barred by sovereign immunity. Plaintiff's federal claims against Chase and the Doe defendants are dismissed for failure to state a claim. Plaintiff's state-law claims are dismissed because he has not adequately pleaded diversity jurisdiction, and the Court declines to exercise supplemental jurisdiction.

### I. Claims Against New York

The Eleventh Amendment bars plaintiff's claims against New York. State governments may not be sued in federal courts by private parties "unless they have waived their Eleventh Amendment immunity[] or unless Congress" has abrogated it. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted); *see Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253-54 (2011). No waiver or abrogation of sovereign immunity appears to have occurred here. *See Li v. Lorenzo*, 712 F. App'x 21, 22 (2d Cir. 2017) (summary order). Therefore, plaintiff's claims against New York are dismissed.

### II. Federal Claims Against JP Morgan Chase Bank and Doe Defendants

Plaintiff's federal claims against Chase and the Doe defendants are dismissed for failure to state a claim.

#### A. Constitutional Claims

Plaintiff fails to state a claim based on alleged constitutional violations. I construe plaintiff's federal constitutional claims as pursuant to Section 1983 because plaintiff cannot bring his constitutional claims "directly under the United States Constitution where a statutory vehicle for the assertion of such a claim exists." *Alleyne v. N.Y. State Educ. Dep't*, 691 F. Supp. 2d 322, 335 n.10 (N.D.N.Y. 2010); *see Ighile v. Kingsboro ATC*, No. 16-CV-4294 (AMD) (JO), 2018

4

WL 1970737, at *1 n.4 (E.D.N.Y. Apr. 25, 2018) (collecting cases). Section 1983 "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983). Since plaintiff alleges the deprivation of federally guaranteed rights under color of state law, *see* Am. Compl. 8, *id.* at 1 (citing 28 U.S.C. § 1343(a)(3), which provides jurisdiction in district courts for civil actions to "redress the deprivation, under color of any [s]tate law," of federal rights), I will construe those claims as arising under Section 1983.

Section 1983 permits suit against any person who deprives another of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. However, "[e]mbedded in our Fourteenth Amendment jurisprudence is a dichotomy between state action, which is subject to scrutiny under the Amendment's Due Process Clause, and private conduct, against which the Amendment affords no shield, no matter how unfair the conduct may be." *Nat'l Coll. Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988). Accordingly, "[w]hen Congress enacted [Section] 1983 as the statutory remedy for violations of the Constitution, it specified that the conduct at issue must have occurred 'under color of' state law." *Ibid.*; *see Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 263-64 (2d Cir. 2014). As a result, suits may only be brought against private entities "if, [and] only if," a "close nexus exists between the [s]tate and the challenged action." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citation omitted). Plaintiff alleges no such nexus. Instead, plaintiff merely alleges that Chase engaged in improper conduct in state court and bankruptcy court, and that a state court mediator failed to join plaintiff to the foreclosure action. *See* Am. Compl. 3-7. And aside from plaintiff's allegation that "[Doe] 1, an unidentified agent or vendor of [Chase]" imposed fees on Chase and Chase's attorneys, *id.* at 5, the complaint is

5

devoid of factual allegations about the Doe defendants, *see id.* at 2 (alleging that each Doe defendant "is responsible in some manner for the occurrences alleged in [the] complaint"). Nothing in the complaint indicates that Chase or the Doe defendants bore any relationship to the state, or that their actions "may be fairly treated as that of the State itself." *Brentwood Acad.*, 531 U.S. at 295 (quotations omitted). Therefore, the Section 1983 claims against Chase and the Doe defendants are dismissed.

### B. Claims Based on Criminal Statutes

Plaintiff cannot sue Chase and the Doe defendants under 18 U.S.C. § 241 and 18 U.S.C. § 242 because those criminal statutes do not give plaintiff a private cause of action. *See* Am. Compl. 1. "[A] criminal statute does not routinely create a private right of action without a specific statutory basis for implying one." *Hariprasad v. Master Holdings Inc.*, 788 F. App'x 783, 786 (2d Cir. 2019) (summary order) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)); *see Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009). Plaintiff has not identified any basis to imply a private right of action under Sections 241 and 242. *See* 18 U.S.C. §§ 241, 242; *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (Section 242 "do[es] not provide [a] private cause[] of action"); *Gilmore v. Karandy*, No. 20-CV-542 (MAD) (DJS), 2020 WL 4673896, at *2 n.5 (N.D.N.Y. Aug. 12, 2020) (Section 241 does not provide a private cause of action), *appeal dismissed*, No. 20-2912, 2021 WL 3925995 (2d Cir. 2021). To the extent that plaintiff brings claims under Sections 241 and 242, those claims are therefore dismissed.

### III. State-Law Claims

Plaintiff's state-law claims are dismissed as well, because plaintiff has not established diversity jurisdiction and the Court declines to exercise supplemental jurisdiction.

### A. Diversity Jurisdiction

Plaintiff alleges that the Court has diversity jurisdiction over the action under 28 U.S.C. § 1332. *See* Am. Compl. 1. A party seeking to invoke diversity jurisdiction "bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). Under 28 U.S.C. § 1332, a federal court has jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and there is "complete diversity" of citizenship, meaning "all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014). Complete diversity as required by 28 U.S.C. § 1332 must "be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the records." *Leveraged Leasing Admin Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (citation omitted).

Plaintiff has not met his burden of establishing the Court's diversity jurisdiction over this suit. The complaint alleges that "at least one [defendant] is diverse from the [p]laintiff." Am. Compl. 1. But plaintiff must allege that all defendants are diverse from plaintiff. *See Morgan Stanley & Co.*, 772 F.3d at 118. Moreover, plaintiff does not even properly allege his own citizenship such that the Court could conclude that plaintiff and that one defendant are diverse. *See* Am. Compl. 2 (failing to allege plaintiff's citizenship). Since plaintiff has not adequately alleged complete diversity, the Court cannot exercise diversity jurisdiction over the case. *See Underwriters at Lloyds*, 140 F.3d at 160.

### B. Supplemental Jurisdiction

Finally, the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims. Four factors bear on whether it is appropriate to exercise supplemental jurisdiction: "judicial economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck*

7

*Corp.*, 899 F.3d 77, 81 (2d Cir. 2018). Those factors counsel in favor of dismissing plaintiff's state-law claims. This case is still in its preliminary stages. The action has not passed beyond the pleading stage, and it would be at least as convenient and fair for the parties to litigate plaintiff's state-law claims in state court. Indeed, "[i]t is well settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendant jurisdiction over remaining state law claims." *Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006); *see Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010). Accordingly, plaintiff's state-law claims are dismissed without prejudice.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted. Plaintiff's claims against all defendants are dismissed without prejudice.

Plaintiff may file an amended complaint within 30 days to remedy the deficiencies described above. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). No summons shall issue at this time and all further proceedings shall be stayed for thirty days. If plaintiff fails to amend the complaint within thirty days from this Order, judgment shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                         */s/ Rachel Kovner*
                                                         RACHEL P. KOVNER
                                                         United States District Judge

Dated: May 12, 2022
        Brooklyn, New York