UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
DAWSON HUBER COLEMAN, JR.,

                Plaintiff,

    -against-                           **REPORT AND**
                                                   **RECOMMENDATION**
JP MORGAN CHASE BANK; STATE OF        21-CV-6406 (RPK) (TAM)
NEW YORK; and DOES 1 THROUGH 10,

                Defendants.
-----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

       This is the latest in a series of actions filed by Plaintiff Dawson Huber Coleman, Jr., in state and federal court, concerning a foreclosure action started by Defendant JP Morgan Chase Bank ("Chase") in state court in May 2011. In this case, Plaintiff seeks relief against Defendants Chase, the State of New York, and Does 1 through 10. (*See* Complaint ("Compl."), ECF No. 1; First Amend. Compl., ECF No. 7; Second Amend. Compl. ("SAC"), ECF No. 11; *see also* E.D.N.Y. Case Nos. 12-CV-2118 (JG) (LB), 12-CV-5852 (JG) (LB), 16-CV-5062 (BMC) (RER), N.Y. State Index # 2727/2018.) Currently before the Court is Chase's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim for relief. (*See* Chase's Second Mot. to Dismiss, ECF No. 12; Mem. of Law in Supp. of Chase's Second Mot. to Dismiss ("MTD"), ECF No. 12-1.) For the reasons set forth below, the Court respectfully recommends that Chase's motion be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I. Factual Background

#### A. Foreclosure Action

As noted above, Plaintiff's claims originally stem from a foreclosure action initiated by Chase in New York State court more than a decade ago, on May 17, 2011. (Compl., ECF No. 1, at 5.) The mortgagor of the property, Plaintiff's spouse, had defaulted on her loan with Chase, thereby giving rise to the foreclosure action. (*See id.*; *see generally* Foreclosure Complaint, ECF No. 12-5; Aff. in Supp. of Respondents' Reply, ECF No. 12-8, at ECF page 4.)

Ostensibly acting on the mortgagor's behalf, Plaintiff participated in the action in state court, filing several responses to the complaint, including a motion to dismiss. (*See* Reply, ECF No. 12-8; Answer, ECF No. 12-9; Mot. to Dismiss Foreclosure Action, ECF No. 12-10.) Plaintiff's motion was denied and, following an appeal in which the Appellate Division affirmed the denial and determined that Plaintiff was not a proper party to the action, Chase eventually prevailed on summary judgment. (*See JP Morgan Chase Bank, N.A. v. Coleman*, 989 N.Y.S.2d 380, 380–81 (N.Y. App. Div. 2d Dep't 2014); Summary Judgment Order, ECF No. 12-14.) Years later, on February 28, 2019, the state court entered a judgment in favor of Chase, ordering the foreclosure and sale of the subject property. (Judgment of Foreclosure and Sale, ECF No. 12-15.) Chase represents that, as of July 7, 2022, the date the current motion was filed, a sale had yet to be made. (MTD, ECF No. 12-1, at 4.)

#### B. Subsequent Lawsuits

During the pendency of the foreclosure action, Plaintiff, acting *pro se*, filed four separate actions against Chase — the first three in federal court, here in the Eastern District of New York, and the last in state court. (*See* E.D.N.Y. Case Nos. 12-CV-2118

2

(JG) (LB), 12-CV-5852 (JG) (LB), 16-CV-5062 (BMC) (RER); N.Y. State Index # 2727/2018.) Each was dismissed.

Plaintiff first filed suit against Chase on April 27, 2012. (Apr. 27, 2012 Compl., ECF No. 12-16.) Although somewhat unclear from the complaint in that case, Plaintiff alleged that Chase was "guilty of fraudulently initiating" the foreclosure action, thereby entitling Plaintiff to "monetary redress." (*Id.* at 2.) Less than a month later, the Honorable John Gleeson dismissed the action for lack of subject matter jurisdiction. (*See* May 9, 2012 Order, Case No. 12-CV-2118 (JG) (LB); *see also* May 11, 2012 Judgment, ECF No. 12-17.)

Plaintiff initiated a second action against Chase on November 27, 2012, raising substantially the same allegations as in the prior complaint. (Nov. 27, 2012 Compl., ECF No. 12-18.) On February 1, 2013, Judge Gleeson dismissed the action, again, for lack of subject matter jurisdiction. *See Coleman v. J.P. Morgan Chase Bank*, No. 12-CV-5852 (JG), 2013 WL 420104 (E.D.N.Y. Feb. 1, 2013).

Years later, on September 7, 2016 — after Chase had prevailed on summary judgment in the foreclosure action but before a formal judgment had been entered — Plaintiff filed a third complaint (on behalf of the "Dawson Huber Coleman Jr. Living Trust"). (*See* Sept. 7, 2016 Compl., Case No. 16-CV-5062 (BMC) (RER), ECF No. 12-20.) This time, Plaintiff claimed both diversity and federal question jurisdiction, the latter based on alleged due process and equal protections violations. (*See id.* at ECF page 5.) The substance of Plaintiff's allegations, however, remained the same: Chase had unlawfully initiated the foreclosure action. (*See id.* at ECF page 7.) On September 14, 2016, the Honorable Brian M. Cogan dismissed Plaintiff's third complaint for lack of subject matter jurisdiction, finding a lack of complete diversity among the parties and that Plaintiff had failed to allege a claim arising under federal law. *See Coleman v. J.P.*

3

*Morgan Chase Bank, N.A.*, No. 16-CV-5062 (BMC) (LB), 2016 WL 5079506 (E.D.N.Y. Sept. 14, 2016); *see also id.* at *3 ("It is well settled that judgments of foreclosure . . . are fundamentally matters of state law.").

Undeterred, Plaintiff initiated a fourth action against Chase, this time in state court, in late 2018. (*See* 2018 Compl., ECF No. 12-22; *see also* Jan. 28, 2019 Order of Dismissal, ECF No. 12-23, at ECF pages 5–20.) For the first time, Plaintiff alleged in the pleadings that he, his spouse (the mortgagor), and his spouse's nephew had lived together at the subject property beginning in 1995. (Jan. 28, 2019 Order of Dismissal, ECF No. 12-23, at ECF page 8.) He also challenged the court's decision in the foreclosure action, once again alleging for the first time that Chase should have named him as a defendant but failed to do so. (*See* 2018 Compl., ECF No. 12-22, at ECF page 3.) On January 28, 2019, the state court dismissed Plaintiff's fourth complaint, concluding that "the issues raised . . . had 'already been adjudicated' in [the] prior foreclosure action." (Nov. 17, 2020 Decision & Order, ECF No. 12-24, at ECF page 2 (quoting Jan. 28, 2019 Order of Dismissal, ECF No. 12-23, at ECF page 2).) Plaintiff appealed, but the Appellate Division affirmed on collateral estoppel grounds. (*See id.* at ECF pages 2–3.)

## II. Procedural History

Plaintiff initiated the present action against Chase and the State of New York on November 9, 2021. (*See* Compl., ECF No. 1.) As set forth in the original complaint, Plaintiff alleged that he had a constitutional right to participate in the underlying foreclosure action and that Defendants had "conspire[d]" to deprive him of that right in violation of 42 U.S.C. § 1983. (*Id.* at 4.) Plaintiff amended the complaint soon after, on December 13, 2021, adding the existing Defendants' "agent[s], representative[s], and/or employee[s]" as Doe defendants. (*See* First Amend. Compl., ECF No. 7.) Plaintiff also

4

clarified that his § 1983 claim was based on equal protection and due process violations. (*See id.* at 2.)

Chase first moved to dismiss on March 4, 2022. (*See* Chase's First Mot. to Dismiss, ECF No. 8.) The Honorable Rachel P. Kovner denied the motion, however, "in light of [P]laintiff's pending motion for leave to proceed in forma pauperis." (Mar. 23, 2022 ECF Order.) Then, on May 12, 2022, Judge Kovner issued a written Memorandum and Order, granting Plaintiff's request to proceed *in forma pauperis*, but dismissing the First Amended Complaint. (*See* May 12, 2022 Mem. & Order, ECF No. 10 (citing 28 U.S.C. § 1915(e)(2)(B)).)

As a preliminary matter, Judge Kovner concluded that, under the Eleventh Amendment, Plaintiff's claims against the State of New York were barred by sovereign immunity. (*Id.* at 4.) With respect to Plaintiff's claims against the remaining defendants, Judge Kovner construed the pleadings as setting forth claims under § 1983, various federal criminal statutes, and New York law. (*Id.* at 4–6.) Finding that Plaintiff had failed to allege whether his constitutional injuries were caused by state action, Judge Kovner held that Plaintiff had necessarily failed to state a § 1983 claim. (*Id.*) Judge Kovner then held that Plaintiff had no private cause of action under the criminal statutes he had cited. (*Id.* at 6.) As for Plaintiff's state law claims, Judge Kovner determined that the Court lacked diversity jurisdiction to hear them and declined to retain supplemental jurisdiction upon dismissal of Plaintiff's sole jurisdiction-invoking claim. (*Id.* at 7–8.) Plaintiff was granted leave, however, to "file an amended complaint within 30 days to remedy the deficiencies" identified in the Memorandum and Order. (*Id.* at 8.)

Consequently, Plaintiff filed a second amended complaint ("SAC") on June 9, 2022. (*See* SAC, ECF No. 11.) The gist of his allegations remains much the same; i.e., that

5

Defendants "engaged in an apparent conspiracy to . . . acquire the property" at issue in the foreclosure action and that Plaintiff's inability to participate in the action violated the Due Process and Equal Protection Clauses. (*Id.* at 9; *see id.* at 6.) Plaintiff also removed references to the federal criminal statutes cited in his prior pleadings. (*See generally id.*) The Court further notes that Plaintiff has modified his requests for relief. Whereas Plaintiff requested an order "expung[ing] the State Court's judgment of Foreclosure and Sale" in the First Amended Complaint, he now requests an order compelling Chase "to produce the original promissory note" for the subject property. (*Compare* First Amend. Compl., ECF No. 7, at 9, *with* SAC, ECF No. 11, at 11–12.) As to the State of New York, Plaintiff now requests production of "the rendered oaths of office over Justice[] Marsha Steinhardt" — the New York State Supreme Court Justice who presided over the foreclosure action — "and any other NYS Officer whose questionable performance becomes the focus of attention during the course of the litigation," as well as any other "reasonable, just and proper relief." (*Id.* at 12; *see* Appearance Detail, ECF No. 12-6.)

On July 7, 2022, Chase moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. (*See* MTD, ECF No. 12-1.) Chase also requested an anti-filing injunction. (*See id.* at 23.) Judge Kovner referred the motion to the undersigned Magistrate Judge for a Report and Recommendation on September 17, 2022. (Sept. 17, 2022 ECF Order Referring Motion.) For the reasons discussed below, the Court respectfully recommends dismissing Plaintiff's claims and issuing the requested injunction.

6

## DISCUSSION

### I. Legal Standards

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Importantly, the party "asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

"When considering a motion to dismiss under Rule 12(b)(1), the court takes as true the factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction." *Sadiku v. Dep't of Homeland Sec.*, No. 20-CV-3241 (RPK), 2022 WL 173109, at *1 (E.D.N.Y. Jan. 18, 2022) (citing *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004)). The court may also "consider affidavits and other materials beyond the pleadings." *J.S. ex rel. N.S.*, 386 F.3d at 110 (explaining, however, that courts cannot "rely on conclusory or hearsay statements contained in . . . affidavits").

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* ("Where a complaint pleads facts that are 'merely consistent with' a

7

defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" (quoting *Twombly*, 550 U.S. at 557)).

"The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). Accordingly, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). As with a motion for lack of subject matter jurisdiction, the court may also consider some extrinsic materials, including "material that the complaint 'incorporate[s] by reference,' that is 'integral' to the complaint, or of which courts can take judicial notice." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

Finally, "[i]t is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). *Pro se* complaints, in particular, "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Notwithstanding the liberal pleading afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." *Chestnut v. Wells Fargo Bank, N.A.*, No. 11-CV-5369 (JS) (ARL), 2012 WL 1657362, at *3 (E.D.N.Y. 2012) (citing *Lyndonville Savs. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000)). Likewise, although a *pro se* complaint is "construed liberally . . . and interpreted to raise the strongest claims that it suggests," it must still state a plausible claim to relief. *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

8

## II. Analysis

Chase moves to dismiss both for "lack of subject matter jurisdiction" and because Plaintiff "fails to state a claim . . . upon which relief may be granted." (MTD, ECF No. 12-1, at 8, 16.) As to lack of subject matter jurisdiction, Chase argues that Plaintiff's complaint should be dismissed based on the *Rooker-Feldman* doctrine, this Circuit's first-filed rule, and principles of res judicata. (*See* MTD, ECF No. 12-1, at 8–16.) Alternatively, Chase challenges the adequacy of the allegations made in the SAC, observing that "Plaintiff has wholly failed to cure any of the deficiencies identified" in Judge Kovner's prior Memorandum and Order. (*Id.* at 8.) Chase further argues that Plaintiff's allegations fail to establish that his constitutional rights were violated and that he otherwise fails to allege fraud with particularity. (*See id.* at 16–22.) Finally, in the event of dismissal, Chase requests an anti-filing injunction for vexatious litigation. (*See id.* at 22–25.)

As a preliminary matter, the Court first addresses the issue of sovereign immunity.[1] *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (explaining

---

[1] Although the bulk of Chase's motion addresses subject matter jurisdiction, none of the arguments raised invoke constitutional limitations on the Court's authority to hear and decide this case as to Chase. *See Butcher v. Wendt*, 975 F.3d 236, 243 (2d Cir. 2020) (explaining that the *Rooker-Feldman* doctrine derives from 28 U.S.C. §§ 1257, 1331); *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969) (describing the first-filed rule as merely "a principle of . . . judicial administration"); 18B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4469 (3d ed. 2022) (explaining that federal court adherence to prior state judgments under res judicata derives from federal statutes, not any constitutional provision). "[T]here is a distinct difference between jurisdictional questions of a statutory nature and jurisdictional questions of a constitutional nature." *Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 416 (2d Cir. 2022). "When a jurisdictional issue is statutory in nature, [courts] are not required to follow a strict order of operations but instead may proceed to dismiss the case on the merits rather than engage with the jurisdictional question, particularly when the jurisdictional issue is complex and the merits are straightforward." *Id.* Accordingly, here, the Court need not address Chase's subject matter jurisdiction arguments as a threshold matter and can simply "assume hypothetical jurisdiction" for the purpose of dismissing Plaintiff's claims on other grounds. *Butcher*, 975 F.3d at 242–44. The same cannot be said with respect to the issue of New York's sovereign immunity, which stems from the Eleventh Amendment and must be assessed as a

9

that jurisdictional issues must be decided "as a threshold matter"); *see, e.g.*, *Hale v. Mann*, 219 F.3d 61, 66–67 (2d Cir. 2000) (resolving issue of state entity's Eleventh Amendment immunity as a preliminary matter). Like Judge Kovner found, the Court concludes that no waiver nor abrogation of sovereign immunity has occurred, so Plaintiff's claims against New York should be dismissed. Next, the Court concludes that Plaintiff has failed to remedy a key deficiency in his allegations identified by Judge Kovner, namely, the absence of state action by Chase, and therefore recommends dismissal of Plaintiff's constitutional claims, construed as § 1983 claims.[2] The Court

---

preliminary matter. *See id.*; *accord Mowrer v. U.S. Dep't of Transp.*, 14 F.4th 723, 734–35 (D.C. Cir. 2021) (Katsas, J., concurring). *But see Springfield Hosp., Inc.*, 28 F.4th at 416–17 (suggesting that, because sovereign immunity can be waived, federal courts may not have to address the issue as a preliminary matter).

[2] Because the Court concludes that Chase's motion should be granted based on Plaintiff's failure to state a claim for relief, it need not address Chase's subject matter jurisdiction arguments. *See supra* note 1. The Court notes, however, that, in light of the New York Appellate Division's determination that Plaintiff was not a proper party to the foreclosure action, as well as Plaintiff's amended prayer for relief in this case — which no longer includes a request to "expunge the State Court's judgment of Foreclosure and Sale" — it is somewhat unclear whether either *Rooker-Feldman* or the first-filed rule apply. (First Amend. Compl., ECF No. 7, at 9. Compare *id.*, with SAC, ECF No. 11, at 11–12.) *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that *Rooker-Feldman* applies only where the plaintiff is "inviting district court review and rejection" of the prior state court action); *Spotless Enters. Inc. v. Accessory Corp.*, 415 F. Supp. 2d 203, 205 (E.D.N.Y. 2006) (explaining that the first-filed rule requires "identical or substantially similar parties and claims").

The Court further questions, but need not decide, whether any of the prior actions have preclusive effect here. For starters, it is unclear whether the issues Plaintiff now raises are in fact "identical to [those] necessarily decided" in any of the prior actions. *Allied Chem. v. Niagara Mohawk Power Corp.*, 72 N.Y.2d 271, 276 (1988); *see David v. State*, 69 N.Y.S.3d 110, 112 (N.Y. App. Div. 2d Dep't 2018) ("The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior matter, and is decisive of the present action."). Further, because Plaintiff was prohibited from participating in the foreclosure action, the Court is reticent to recommend finding that Plaintiff is nevertheless subject to its preclusive effects as a non-party. *See People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122–23 (2008) (holding that, when determining whether to apply res judicata to non-parties, courts "must determine whether the severe consequences of preclusion flowing from a finding of privity strike a fair result under the circumstances"). As to Plaintiff's most recent state court action, given the timing and basis for the court's dismissal, it is unclear whether Plaintiff received a "full and fair opportunity" to litigate the precise issues he raises here, such that collateral estoppel now applies. *Allied Chem.*, 72 N.Y.2d at 276. Neither is it clear that the state court's dismissal amounted to a "determination on the merits" sufficient to trigger res judicata. *Djoganopoulos v. Polkes*, 889 N.Y.S.2d 213, 215 (N.Y. App. Div. 2d Dep't 2009).

10

further recommends (1) declining to retain supplemental jurisdiction over the remainder of Plaintiff's claims and (2) granting Chase's requested injunction.

### A. Sovereign Immunity

"[T]he Eleventh Amendment has been construed to protect an unconsenting state from suit by its own citizens." *CSX Transp., Inc. v. N.Y. State Off. of Real Prop. Servs.*, 306 F.3d 87, 94 (2d Cir. 2002). Such immunity is subject to only two exceptions: "a state may waive its sovereign immunity and agree to be sued in federal court" or "Congress may abrogate a state's sovereign immunity." *Id.* at 95. In the prior Memorandum and Order, Judge Kovner concluded that "[n]o waiver or abrogation of sovereign immunity appears to have occurred here" and, therefore dismissed Plaintiff's claims against New York. (May 12, 2022 Mem. & Order, ECF No. 10, at 4.)

Based on the allegations of the Second Amended Complaint, Plaintiff again fails to establish any waiver of sovereign immunity by New York State. He asserts that New York waived its sovereign immunity because the "assigned judicial officers" in both underlying state court actions "breached their respective oath(s) of offices." (SAC, ECF No. 11, at 7.) The Court is unaware of any legal authority that supports Plaintiff's argument. *See CSX Transp., Inc.*, 306 F.3d at 95 (explaining that a waiver of immunity "must be 'an unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment.'" (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n.1 (1985))). Plaintiff also argues that "according to the . . . FSIA," New York has "necessarily waive[d] immunity." (SAC, ECF No. 11, at 11.) The Foreign Sovereign Immunities Act, however, is inapplicable here because New York is not a foreign state. *See* 28 U.S.C. §§ 1330(a), 1603(a). The

11

Court therefore recommends dismissal of Plaintiff's claims against New York on sovereign immunity grounds.[3]

### B. State Action

In the prior Memorandum and Order, Judge Kovner construed the First Amended Complaint as alleging a § 1983 claim for constitutional violations. (*See* May 12, 2022 Mem. & Order, ECF No. 10, at 4–5.) Judge Kovner concluded that Plaintiff had failed, however, to plead facts showing that "Chase or the Doe defendants bore any relationship to the state, or that their actions 'may be fairly treated as that of the state itself.'" (*Id.* at 6 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).) The First Amended Complaint therefore failed to allege a plausible claim to relief under § 1983. (*See id.*) Here, based on the allegations in the Second Amended Complaint, the Court likewise construes Plaintiff's allegations under § 1983, as it provides a cause of action to redress the constitutional violations that Plaintiff alleges in the pleadings. Having carefully reviewed the record in this case, the Court finds that Plaintiff again fails to allege facts from which to plausibly infer a § 1983 claim against Chase.

---

[3] Although somewhat unclear from the pleadings, Plaintiff appears to be seeking to include "agent[s], representative[s], and/or employee[s]" of the State of New York as Doe defendants. (First Amend. Compl., ECF No. 7, at 2.) Further, one could read Plaintiff's claims in the Second Amended Complaint as requesting prospective relief by state officials under *Ex parte Young*, 209 U.S. 123 (1908). "To take advantage of *Young*," however, "plaintiffs must sue the particular public official whose acts violate federal law." *David B. v. McDonald*, 156 F.3d 780, 783 (7th Cir. 1998) (Easterbrook, J.). The Court is mindful that Plaintiff has named Doe defendants precisely because he is unaware of their identities, but based on his allegations, it appears that Plaintiff's claims are exclusively against judicial officers who work in the New York State courts. (*See* SAC, ECF No. 11, at 12.) *Ex parte Young* does not permit suit against judicial officers. *See Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021) (reiterating the observation from *Ex parte Young* that "'an injunction against a state court' or its 'machinery' 'would be a violation of the whole scheme of our Government'" (quoting *Ex parte Young*, 209 U.S. at 163)).

12

"Under 42 U.S.C. § 1983, constitutional torts are only actionable against state actors or private parties acting 'under the color of' state law." *Betts v. Shearman*, 751 F.3d 78, 85 (2d Cir. 2014) (quoting *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)). "Thus, the § 1983 plaintiff bears the burden of showing state action on the part of the defendant." *Bryant v. Steele*, 462 F. Supp. 3d 249, 266 (E.D.N.Y. 2020). Where, as here, the plaintiff claims constitutional violations by private parties, he must adequately allege that the private party qualifies as a state actor under the "few limited circumstances" identified by the Supreme Court. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019); *see also Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (describing three "main tests" for evaluating whether a private party engaged in state action and explaining that the "fundamental question" underlying each is "whether the private entity's actions are 'fairly attributable' to the state").

In the Second Amended Complaint, Plaintiff alleges that Defendants "refus[ed] to join" him in the underlying foreclosure action and "engaged in an apparent conspiracy to unscrupulously acquire the [subject] property." (SAC, ECF No. 11, at 9.) The Court notes that these allegations mirror substantially what Plaintiff alleged in the First Amended Complaint, which Judge Kovner determined was insufficient to establish a claim of state action by Chase and the Doe defendants. (*See* May 12, 2022 Mem. & Order, ECF No. 10, at 3 (citing First Amend. Compl., ECF No. 7, at 9).) To the extent Plaintiff's amended allegations go further than what he previously alleged, the Court finds that Plaintiff still fails to set forth a claim to relief.

Assuming that Chase "refus[ed] to join" Plaintiff in the foreclosure action, Plaintiff does not allege facts showing that such action was compelled by, or otherwise done in a joint effort with, the state. (SAC, ECF No. 11, at 9.) *See Halleck*, 139 S. Ct. at

13

1928. Plaintiff *does* allege an "apparent conspiracy" by Defendants to "acquire the [subject] property," which, with along with additional allegations, could support a finding of state action. (SAC, ECF No. 11, at 9.) *See Betts*, 751 F.3d at 85 (explaining that "joint activity with the State or its agents" can subject a private party to liability under § 1983 when "the two share some common goal to violate the plaintiff's rights" (quotation marks omitted)). However, the Second Amended Complaint contains no concrete, non-conclusory, allegations to plausibly establish that Chase's conduct is "fairly attributable" to the State. *Fabrikant*, 691 F.3d at 207; *see Iqbal*, 556 U.S. at 678; *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (holding that *pro se* plaintiff failed to establish state action by private party based solely on conclusory statements made in the complaint, absent allegations of "facts that would establish that Defendants' conduct amounted to state action").

In sum, the Court sees no facts alleged in the Second Amended Complaint from which to infer that Chase was a state actor for the purposes of Plaintiff's alleged constitutional violations. Plaintiff's constitutional claims against Chase should therefore be dismissed.[4]

---

[4] While it is Chase's position that "Plaintiff has wholly failed to cure any of the deficiencies identified" in Judge Kovner's prior Memorandum and Order, Chase's motion to dismiss is dedicated largely to other bases for dismissal. (MTD, ECF No. 12, at 8.) To the extent that any aspect of the Court's recommendation of dismissal for failing to allege state action, an issue identified by Judge Kovner in her Memorandum and Order, appears to amount to a *sua sponte* dismissal for failure to state a claim to relief, the Court notes that such action is permitted so long as Plaintiff has "an opportunity to be heard." *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam); *see* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2022) (explaining that *sua sponte* dismissal for failure to state a claim is permissible "as long as the procedure employed is fair to the parties"). Here, after Judge Kovner identified the specific ways in which the First Amended Complaint failed to state a claim, including by failing to allege state action by the private party defendants, Plaintiff was given the opportunity "to remedy [those] deficiencies" by further amending. (*See* May 12, 2022 ECF Order.) The Court further notes that Plaintiff will have the opportunity to respond to the issue of whether he has adequately alleged state action prior to dismissal by filing an objection to this Report and Recommendation. *See* 28 U.S.C. § 636(b).

14

### C. Supplemental Jurisdiction

To the extent the Second Amended Complaint sets forth additional state law claims against Chase and the Doe defendants, the Court must decide whether to retain federal jurisdiction over them upon dismissal of Plaintiff's § 1983 claim. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) (stating that when "a federal court dismisses all claims over which it had original jurisdiction, it must reassess its jurisdiction over the case"). The Court recommends declining to retain jurisdiction.

"[F]ederal courts are courts of limited jurisdiction" and are generally authorized only to hear cases arising under federal question or diversity jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978); *see* 28 U.S.C. §§ 1331, 1332. Given the lack of complete diversity among the parties, Plaintiff's case is premised on federal question jurisdiction in light of his § 1983 claims.[5] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also id.* § 1332(a) (defining complete diversity). Any state law claims are properly before the court only by virtue of supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). In other words, the Court could elect to hear and decide such claims on the basis that they are "so related" to Plaintiff's § 1983 claim "that they form part of the same case or controversy." *Id.*

That said, where a "court has dismissed all claims over which it has original jurisdiction," the court in its discretion "may decline to exercise supplemental jurisdiction" over the remaining state law claims. 28 U.S.C. § 1367(c). This decision is

---

[5] Plaintiff also invokes jurisdiction under the Foreign Sovereign Immunities Act, *see* 28 U.S.C. § 1330, as well as the Court's admiralty jurisdiction, *see* 28 U.S.C. § 1333. (*See* SAC, ECF No. 11, at 1–2.) Neither applies here. Plaintiff has not brought suit "against a foreign state," 28 U.S.C. § 1330(a), nor is this a "civil case of admiralty." 28 U.S.C. § 1333(1).

15

guided by the *Cohill* factors: "judicial economy, convenience, fairness, and comity." *Uzan*, 388 F.3d at 56; *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "[A]s a general proposition," however, "'if [all] federal claims are dismissed before trial . . . , the state claims should be dismissed as well.'" *Uzan*, 388 F.3d at 56 (quoting *Castellano v. Bd. of Trs.*, 937 F.2d 752, 758 (2d Cir. 1991)); *see also Cohill*, 484 U.S. at 350 n.7 (observing that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors" will ordinarily "point toward declining to exercise jurisdiction over the remaining state-law claims"). This includes instances where, as here, the only jurisdiction-invoking claim is dismissed on a timely motion to dismiss. *See, e.g., Turner v. N.Y. Rosbruch/Harnik, Inc.*, 84 F. Supp. 3d 161, 170–71 (E.D.N.Y. 2015); *Camhi v. Glen Cove City Sch. Dist.*, 920 F. Supp. 2d 306, 312–13 (E.D.N.Y. 2013); *Johnson v. Levy*, 812 F. Supp. 2d 167, 184–85 (E.D.N.Y. 2011).

In this case, the *Cohill* factors weigh in favor of declining to retain supplemental jurisdiction over any remaining state law claims. This is not a case where "dismissal of the federal claim occurs late in the action, after there has been substantial expenditure in time, effort, and money." *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) (quotation marks omitted). As set forth above, barely a year has passed since Plaintiff initiated this action. (*See* Compl., ECF No. 1.) Chase promptly moved to dismiss and, after Judge Kovner denied the motion and granted Plaintiff the opportunity to amend his complaint, Chase filed its second motion to dismiss within a month of Plaintiff's filing of the Second Amended Complaint. (*See* Chase's First Motion to Dismiss, ECF No. 8; SAC, ECF No. 11; MTD, ECF No. 12-1.) No discovery has taken place, and the Court agrees with Judge Kovner's observation in the prior Memorandum and Order that "it would be at least as convenient and fair for the parties to litigate plaintiff's state-law

16

claims in state court." (May 12, 2022 Mem. & Order, ECF No. 10, at 8.) Accordingly, upon dismissal of Plaintiff's § 1983 claim, the Court further recommends declining to retain subject matter jurisdiction over Plaintiff's remaining claims and dismissing them without prejudice.

### D. Injunction

In addition to dismissal of Plaintiff's claims, Chase invokes the Court's "equity power . . . to give injunctive relief against vexatious litigation," as codified in the All Writs Act, 28 U.S.C. § 1651. *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) (per curiam). Given the history of litigation between the parties, Chase requests "an order prohibiting Plaintiff from commencing any other action, or asserting claims, against Chase pertaining to the subject Property, Mortgage loan and/or the underlying Foreclosure Action, without first obtaining leave of this Court." (MTD, ECF No. 12-1, at 23.) As a preliminary matter, the Court notes that the scope of the requested injunction appears consistent with Second Circuit law; it pertains exclusively to actions asserted against Chase and would merely require Plaintiff to seek leave of court before filing suit. *See Vassel v. Firststorm Props. 2 LLC*, 750 F. App'x 50, 53 (2d Cir. 2018) (collecting cases).

When determining whether to enter an anti-filing injunction, "the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."[6] *Safir v. U.S. Lines,*

---

[6] The Court must also ensure that a party first received notice of the request for an injunction and had an opportunity to respond. *See In re Hartford Textile Corp.*, 613 F.2d 388, 391 (2d Cir. 1979). A party receives both notice and an opportunity to respond when the injunction is requested in the opposing party's motion to dismiss. *See Vidurek v. Koskinen*, 789 F. App'x 889, 895 n.3 (2d Cir. 2019). Because Chase requested the injunction in its motion to dismiss, the Court finds that Plaintiff received adequate notice and an opportunity to respond. (*See* MTD, ECF No. 12, at 22–25.)

*Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Courts in this circuit answer that question by considering the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.*

Several of these factors weigh in favor of granting Chase's requested injunction, including, most notably, Plaintiff's history of litigation. A determination of whether a litigant has a "demonstrable history" as a vexatious litigant must be based on "the record as a whole and the likelihood that the litigant will continue to abuse the judicial process." *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) ("There is not . . . a strict numerosity requirement that must be met before a district court may exercise its discretion to enjoin a litigant from filing future actions."). This is the fifth action Plaintiff has filed against Chase regarding perceived inequities in a foreclosure action from over ten years ago. *See* E.D.N.Y. Case Nos. 12-CV-2118 (JG) (LB), 12-CV-5852 (JG) (LB), 16-CV-5062 (BMC) (RER); N.Y. State Index # 2727/2018. Of the four that have been filed in federal court, including this case, all have been dismissed promptly and with opinions, yet Plaintiff has continued to file suit, raising highly similar allegations each time. *See* May 9, 2012 Order, Case No. 12-CV-2118 (JG) (LB); *Coleman*, 2013 WL 420104; *Coleman*, 2016 WL 5079506. Based on this record, the Court concludes that Plaintiff's history of litigation supports Chase's request.

Other factors that weigh in favor of an injunction include Plaintiff's motives in pursuing this litigation and the needless expenses incurred by Chase to defend. The

18

Second Circuit has held that "dismissal of similar, if not identical, prior actions" — like what has occurred here — demonstrates a lack of good faith on the part of a repeat litigant. *Eliahu*, 919 F.3d at 715 (citing *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005)). Further, it is undeniable that having to defend against each action has caused unnecessary expense to Chase. Although Chase has made no showing that a lesser sanction would not adequately discourage Plaintiff from further suit, on balance, the Court concludes that granting the requested anti-filing injunction is warranted.[7] The Court therefore recommends granting Chase's requested injunction.

## CONCLUSION

For the reasons discussed above, the Court recommends dismissal of Plaintiff's claims against Defendant State of New York, for lack of subject matter jurisdiction. The Court further recommends granting Defendant Chase's motion to dismiss, as well as Chase's request for an "order prohibiting Plaintiff from commencing any other action, or asserting claims, against Chase pertaining to the subject Property, Mortgage loan and/or the underlying Foreclosure Action, without first obtaining leave of this Court." (MTD, ECF No. 12-1, at 23.)

\*   \*   \*   \*   \*

This Report and Recommendation will be filed electronically and sent by mail to Plaintiff Dawson Huber Coleman, Jr. Objections to this Report and Recommendation must be filed, with a courtesy copy sent to the Honorable Rachel P. Kovner, at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing.

---

[7] As for Plaintiff's *pro se* status, it is somewhat unclear whether this factor weighs in favor of, or against, the requested injunction. *Compare Eliahu*, 919 F.3d at 715 (discussing the "special solicitude" offered to *pro se* plaintiffs in the context of deciding whether to grant an anti-filing injunction), *with Iwachiw*, 396 F.3d at 529 (suggesting that incurring the expense of retaining legal counsel evidences good-faith litigation efforts). On balance, however, the Court concludes that the requested injunction is merited under the other factors.

19

Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision" (quotation marks omitted)).

    SO ORDERED.

Dated:   Brooklyn, New York
           January 31, 2023

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

20